[No. 23300. Department One. October 6, 1931.]

E. C. COONEY, *Respondent,* v. EUNICE L. COONEY, *Appellant.*[1]

*Emil N. Stenberg* and *E. F. Freeman,* for appellant.
*Rickabaugh & McElroy,* for respondent.

HERMAN, J.—Plaintiff sued defendant for divorce October 13, 1930, after having been married since January 22, 1908. Defendant cross-complained, alleging misconduct by the plaintiff with another party and the existence of a conspiracy between that other woman and the plaintiff to divorce their respective spouses for the purpose of subsequently marrying each other, and praying that plaintiff's action be dismissed and that defendant be awarded separate maintenance.

The cause came on for trial. After both parties had rested, defendant, having heard the testimony of plaintiff, changed the prayer of her cross-complaint and

[1]Reported in 3 P. (2d) 540.

asked for a divorce instead of separate maintenance. The lower court made findings of fact which were justified by the evidence. The trial judge found that the plaintiff had failed to sustain the allegations of his complaint, and that defendant was entitled to a decree of divorce on the ground of infidelity on the part of plaintiff, and upon the further ground of cruelty.

The court found that plaintiff and defendant were the owners of a number of tracts of real estate which were community property, and provided in the interlocutory order for divorce that the National Bank of Tacoma be appointed as trustee to take charge of that real estate, much of which was subject to substantial indebtedness, and sell, mortgage and dispose of the same, to pay the debts of the community, and to divide the residue, if any, between the parties. The personal property was disposed of as follows:

To the defendant was awarded forty shares of Standard Brands stock, subject to an indebtedness of $270.65, the net value of which was $449.35; one hundred seventy-nine shares of stock in the Cooney Transfer & Storage Company, issued at sixty dollars per share about July, 1930; her personal jewelry and belongings, the household goods, valued at five hundred dollars, and the silver at the family residence; a Buick sedan, valued at seven hundred dollars; one five hundred dollar Olympia Brewing Company bond, which defendant maintains has no value; the pointer dog; membership in the Fircrest Golf Club, valued at seventy-five dollars; and the equity in a Provident Insurance Company policy of the value of $866.

To the plaintiff, the court awarded two hundred shares of stock of the Cooney Transfer & Storage Company; an equity valued at five hundred dollars in a Hupmobile automobile; personal jewelry and belongings of plaintiff; the interest in an Equitable Life In-

surance policy of the value of $416; and the interest in a Reliance Life Insurance policy of the value of $104. The indebtedness of the community at the time of the trial was in excess of $4,600.

The court then ordered the plaintiff to pay to the defendant, for her support and maintenance, the sum of one hundred fifty dollars per month for a period of two years, and to pay to defendant's attorney an additional attorney's fee of five hundred dollars, together with the costs of the proceeding.

From this judgment, the defendant appeals.

A study of the record convinces us that the award to appellant was ample. In making such disposition of the property of the parties, the court had a right to consider the difficult conditions under which the respondent labored while the community was accumulating its holdings, even though respondent did not satisfy the trial court that he was entitled to a divorce. Appellant's counsel earnestly contend that, had this domestic difficulty been averted, appellant might have been relieved from future economic problems. That is an unfortunate incident, but not the determinative factor in this case. While it is true that the lower court found that appellant was entitled to a divorce and respondent was not, a careful study of the record convinces us that the award to appellant was fair, just and equitable. We are satisfied that such action on the part of the trial judge was in accordance with Rem. Comp. Stat., § 989, which reads as follows:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, cus-

tody, and support and education of the minor children of such marriage.''

Appellant's counsel contend that the award to her of one hundred seventy-nine shares of stock in the Cooney Transfer & Storage Company is of doubtful value, as Mrs. Susan Cooney, respondent's mother, is the holder of four hundred fifty-five shares, while the total number of shares of the corporation is nine hundred ninety. They earnestly maintain that the mother received this stock without consideration and in fraud of appellant's community rights, and that the same should be restored and set over to the appellant. In this respect it is sufficient to say that Mrs. Susan Cooney is not a party to the action, and we will not now inquire as to her property rights. The only parties to this action are E. C. Cooney and Eunice L. Cooney.

The judgment of the lower court will be affirmed.

TOLMAN, C. J., PARKER, BEELER, and MITCHELL, JJ., concur.